UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIA ANDUJAR,

                       Plaintiff,

-against-

COMISSIONER OF SOCIAL SECURITY,

                       Defendant.

**MEMORANDUM AND ORDER**
24-cv-11

---

LaSHANN DeARCY HALL, United States District Judge:

Maria Andujar ("Plaintiff") appeals the denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") by the Social Security Administration Commissioner (the "Defendant" or "Commissioner"). The parties cross-move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. For the reasons set forth below, the Commissioner's motion is granted, and Plaintiff's motion is denied.

## BACKGROUND[1]

On December 16, 2020, Plaintiff applied for DIB, alleging disability beginning on March 12, 2020 ("onset date"), due to carpel tunnel syndrome, trigger fingers, De Quervains tenosynovitis, left arthritis with dislocated disc in neck, extreme depression, high anxiety, post-traumatic stress disorder ("PTSD"), high blood pressure, and high cholesterol. (Compl. at 1, ECF No. 1.; Admin. Tr. ("Tr.") 92–95, ECF No. 6.) The Social Security Administration denied

---

[1] The Court relies on the facts and evidence adduced in the administrative record for the purpose of deciding the instant motions.

1

Plaintiff's application initially on June 25, 2021, and again upon reconsideration on December 3, 2021. (Tr. at 10.) On July 21, 2022, Plaintiff appeared with counsel at a hearing before Administrative Law Judge ("ALJ") Dina R. Loewy and provided testimony. (Tr. 13–22.) By order dated February 9, 2023, the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act (the "Decision"). (Tr. 7–23.) On February 9, 2023, Plaintiff requested review of the Decision. (Tr. at 1.) On December 7, 2023, the Appeals Council declined to review the Decision thereby rendering it final. (Tr. at 1.) On January 2, 2024, Plaintiff field an appeal of the Decision to this Court on January 2, 2024. (Compl.)

## STANDARD OF REVEIW

Under the Social Security Act, a claimant may seek judicial review of the Commissioner's decision to deny their application for disability insurance benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In performance of such review, the Court is tasked only with determining whether the Commissioner's decision was based upon the correct legal standard and was supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence ..."). Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

2

To determine whether substantial evidence supports the Commissioner's findings, the court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination.  *See Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999).  Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence.  *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).  If the court finds that Commissioner's findings are supported by substantial evidence, then the findings are conclusive and must be affirmed.  *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)).  Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## DISCUSSION

### 1. Correct Legal Standard

Defendant maintains that the ALJ correctly applied the five-step sequential process in finding that Plaintiff was not disabled.  (Def.'s Mem. L. Supp. Cross-Mot. J. Pleadings ("Def.'s Mem.") at 9-11, ECF No. 11-1.)  Plaintiff quickly concedes this inquiry in Plaintiff's recognition of the five-step sequential evaluation as the appropriate standard under which ALJs should evaluate disability claims.  (Pl.'s Mem. L. Supp. Mot. J. Pleadings ("Def.'s Mem.") at 8, ECF No. 9-1.)  Plaintiff also acknowledges that, here, the ALJ considered all five of those steps in the adjudication of Plaintiff's claim.  (*Id.*)  The Court finds that the ALJ applied the correct legal standard to its analysis of Plaintiff's disability claim.  *See* 20 C.F.R. § 404.1520(a)(4) (explaining the five-step sequential evaluation process to determine whether a claimant is disabled).

3

### 2. Substantial Evidence

Defendant argues that Plaintiff's arguments regarding the ALJ's consideration of substantial evidence amounts to disagreements with the ALJ's weighing of the evidence. (Def.'s Mem. at 14.) The Court agrees. (*See* Pl.'s Mem. at 10 (challenging the ALJ's "reliance" on the opinions of the state agency review physicians more than that of a single physician who Plaintiff maintains may have been able to provide the most favorable assessment to Plaintiff's claim had the ALJ sought to clarify the physician's functional assessment of Plaintiff)). However, such arguments are unsuccessful on appeal because the deferential standard of review prevents the Court from reweighing the evidence considered by the ALJ. *See Krull v. Colvin*, 669 Fed.Appx. 31, 32 (2d Cir. 2016); *see Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (the ALJ may exercise discretion in weighing the evidence in the record).

Instead, the Court concludes that the ALJ appropriately considered the supportability and consistency factors of the opinions of all physicians, even when they presented conflicting evidence. *See* 20 C.F.R. 404.1520c(b)(2) (establishing supportability and consistency are the "most important factors" when evaluating the persuasiveness of a medical opinion). Here, the ALJ properly considered the persuasiveness of each of the medical opinions based on the relevancy of the medical evidence supporting the opinion and the consistency of the opinion with the record. (*See* Tr. at 18-21; *see e.g.* Tr. at 18 (finding the opinion of Dr. Ravi "only partially persuasive" because it is "internally inconsistent" and "portions of the exam were limited" due to the claimant's refusal to change for the exam.) *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (With respect to supportability, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."); *see id.* §§

4

404.1520c(c)(2), 416.920c(c)(2) (As to consistency, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). Here, the ALJ's finding that Plaintiff has residual functional capacity applies the correct legal standard and is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings is granted. The ALJ's decision is affirmed. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York  
      March 31, 2025

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge